EXPORT-IMPORT SERVICES, INC., A/C PROMOTIONS INTERNATIONAL, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79-2-00256

(Dated July 8, 1981)

*Serko & Simon (Margaret H. Sachter* on the brief) for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Susan Handler-Menahem* and *Jerry P. Wiskin* on the briefs), for the defendant.

LANDIS, *Judge:* Defendant moves pursuant to Rule 12 for an order dismissing this action for lack of jurisdiction. Plaintiff opposes and cross-moves for an order granting leave to amend its summons and complaint to clarify the inclusion of the classification issue of its original protest.

The evidence record indicates that on May 16, 1975 plaintiff filed protest Nos. 1001-5-007290 and 1001-5-007291 against the classification of miniature surgical tools in entries 281072 and 314208 respectively. On June 26, 1975 attorneys for plaintiff filed protest No. 1001-5-009628 again contesting the classification of miniature surgical tools in the above entry numbers. On November 19, 1976 the three protests were purportedly denied. For the purposes of this action only protest No. 1001-5-009628 (filed June 26, 1975 by attorneys for plaintiff) appears relevant to plaintiff's case.

On August 4, 1977, eight and one-half (8½) months after the purported denial of the protest, attorneys for plaintiff sent a letter to the Deputy Assistant Regional Commissioner of Customs Bernard Klein. In this letter it is claimed that the November 19, 1976 denial was not an effective denial because the document received by plaintiff notifying it of the denial "* * * was ambiguous, confusing, unclear, and indefinite, compounded by carbon smudges and meaningless words written on different places of the document." Plaintiff's counsel requested that Customs issue a valid corrected denial dated as of the date of the corrected denial so that counsel could file a summons in this case. At that time counsel apparently realized that the 180-day period in which to file a summons from the denial date of the protest (28 U.S.C. 2631 (1976)) [1] had expired. The letter also stated that two staff members of counsel's firm had consulted with Bernard Klein

---

[1] Now 28 U.S.C 2636.

and with Roy K. Dewing, Chief, Residual Liquidation & Drawback Branch, and were advised by both officials that the document in issue represented a proper denial of the claim stated in the protest.

On February 21, 1978, the New York Regional Commissioner of Customs responded to counsel's letter of August 4, 1977 stating that the protest denial was legally sufficient and adding that if counsel wished to discuss this decision with the Regional Counsel he should make an appointment directly with that office. This meeting was arranged and held on May 12, 1978.

On May, 22, 1978 plaintiff filed protest No. 1001-8-006454 against the decision of the Regional Commissioner incorporated in the letter dated February 21, 1978. In a letter dated July 11, 1978, Harvey B. Fox, Director, Entry Procedures and Penalties Division, directed the New York Regional Commissioner to deny this protest in all respects which he subsequently did on August 25, 1978. On February 7, 1979, plaintiff filed a summons against the denial of this latest protest (No. 1001-8-006454).

The government mounts a threefold attack on the court's lack of jurisdiction. First, the government claims that the protest which is the subject of this action (No. 1001-8-006454) does not contest the denial of a protestable decision enumerated in 19 U.S.C. 1514. Second, that even if the original protest was not properly denied on November 19, 1976, that it was denied by the Regional Commissioner of Customs' letter dated February 21, 1978. Since the summons was filed on February 7, 1979, the action is untimely because it was commenced more than 180 days from the denial of the protest. Third, that plaintiff's letter dated August 4, 1977 itself constituted a protest, and that said protest was subsequently denied by the Regional Commissioner by letter dated February 21, 1978. Again the government argues that the action has been untimely commenced because it was filed more than 180 days after this denial.

The court agrees with defendant that plaintiff's action is untimely. While the copy of the original denial dated November 19, 1976 is quite slipshod in physical appearance, it nonetheless sufficiently conveys the impression that the protest was denied. The word "denied" is clearly written on it and although one signature of an import specialist is crossed out and marked void another signature does appear. Although the word "denied" and the second signature appear not to be in their proper place on the form, they are not sufficiently far afield as to make them meaningless. There is no indication that the protest was granted in any manner. All indications lead to the conclusion that it was denied.

Plaintiff fails to state or explain why it remained silent for more than eight (8) months after receiving the alleged ambiguous decision

from Customs. Indeed, upon receipt of this notification plaintiff had a duty to inquire further. In fact, plaintiff did inquire further (at least according to its own letter dated August 4, 1977) and two members of counsel's staff were advised that the protest had been denied. However, plaintiff took no action other than write the August 4th letter.

The Court need not pass upon plaintiff's further arguments. Suffice it to say that the Court views plaintiff's myriad of letters and inquiries as a mere "bootstrapping" attempt to circumvent the 180 day statute of limitations with which it initially failed to comply.

Since the November 19, 1976 denial is deemed a valid denial, the protest and denial that is the subject matter of this action is redundant and does not constitute a protestable decision enumerated under 19 U.S.C. 1514(a) (1976) and, as such, is not subject to judicial review pursuant to 28 U.S.C. 2631 (1976).

Plaintiff also moves to amend its summons and complaint "for clarification of the inclusion of the classification issue of its original protest." Since the protest here has been held not judicially reviewable because it does not constitute a protestable decision and since the time to seek judicial review of the original protest has long since run the Court fails to perceive what such amendment would accomplish.

Accordingly, it is hereby

*Ordered*, That defendant's motion be, and hereby is, granted; and it is further

*Ordered*, That plaintiff's cross-motion be, and hereby is, denied; and it is further

*Ordered*, That this action be, and hereby is, dismissed.